IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JOSEPH R. REDMON,

                Plaintiff,

   v.                                                ORDER
                                                     07-cv-432-jcs
FEDERAL BUREAU OF PRISONS and
HARLEY G. LAPPIN,

                Defendants.
_____

    Plaintiff was allowed to proceed on his claim that defendants the Bureau of Prisons and its Director, Harley G. Lappin, violated his equal protection rights by denying him early release after completing RDAP while granting release to similarly situated inmates. In his complaint plaintiff alleges this Court has jurisdiction under 28 U.S.C. §1331 which makes this a <u>Bivens</u> action. <u>See Bivens v, Six Unknown Agents of Federal Bureau of Narcotic</u>, 403 U.S. 388 (1971).

    Defendants moved to dismiss the above entitled action. This motion has been fully briefed and is ready for decision.

MEMORANDUM

    Defendant Harley Lappin moves to dismiss the above entitled action against him because plaintiff did not allege that he was personally involved in any alleged constitutional deprivation.

Plaintiff does not allege that defendant Lappin was personally involved in the alleged denial of his equal protection rights. Accordingly, defendant Lappin's motion to dismiss the complaint against him will be granted. See Livadas v. Bradshaw, 512 U.S. 107 (1994).

The Federal Bureau of Prisons also moves to dismiss plaintiff's complaint based on sovereign immunity. Sovereign immunity bars a Bivens suit against federal agencies. See FCIC v. Meyer, 510 U.S. 471, 485-86 (1994).

Plaintiff argues that the Federal Bureau of Prisons may be sued because his complaint is actually a complaint under the Administrative Procedures Act, 5 U.S.C. § 702. Plaintiff's complaint, however, does not plead a claim under the Administrative Procedures Act nor was he allowed to proceed on such a claim..

Since plaintiff's complaint is a Bivens action, it must be dismissed against the defendants Federal Bureau of Prisons and Harley Lappin. Defendants' motion to dismiss will be granted.

Plaintiff is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his claim must be dismissed. See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

Redmon v. BOP, et al., 07-cv-432-jcs

ORDER

IT IS ORDERED that defendants' motion to dismiss plaintiff's complaint is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of defendants against plaintiff dismissing his complaint and all claims contained therein with prejudice.

Entered this 5th day of December, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge